## MORTON v. MORTON.

1. PLEADINGS: JOINT DEFENSE. A defense pleaded jointly in an action against several defendants which is insufficient as to one, is insufficient as to all. *Aliter* when pleaded severally.

*Appeal from Decatur District Court.*

TUESDAY, NOVEMBER 8.

THIS action is upon a replevin bond, against Elizabeth Morton the principal, and William Acton, J. E. Painter, and Wm. Snook, her sureties, to recover two thousand dollars, the penalty of the bond.

The plaintiff demurred to the answer of the defendants, and the demurrer being overruled, he appealed, and assigned this ruling as error.

*J. W. Warner,* for the appellant.

*J. E. Neal,* for the appellee.

WOODWARD, J.—On the 25th of May, A. D. 1858, Elizabeth Morton sued out a writ of replevin to recover from the possession of the plaintiff, certain personal property, consisting of horses, carriages, harness, household furniture, and

linen and personal clothing, &c. The present action is brought upon the bond then given, and is against principal and sureties.

The defendant answers, first, by a general denial of the allegations of the petition; second, that on and before the 25th of May, 1858, the time of executing the replevin bond, the said Elizabeth was the wife of Japeth T., the plaintiff, and that she so continued to be at the commencement of the suit; and third, they plead a compromise and settlement of the matter of the said first suit, and of the bond, made on the 30th of November, 1858, between the said parties, plaintiff and defendant, by which the bond was released and canceled.

The plaintiff demurred to that part of the answer which pleaded the coverture of the defendant, Elizabeth, and the court overruled the demurrer.

It does not appear that further pleadings were made, or that final judgment was rendered, but the plaintiff appealed in the foregoing stage of the cause.

We are not called upon to inquire into the right of the wife to sue the husband in the action of replevin; but if she possessed such right, it would seem to follow that she might give the bond.

Assuming, however, for this case, that she could not legally give the bond, and that the plea would be good as to her, if pleaded by her alone, yet this is not a defense for the other defendants; and being pleaded by them jointly with her, and being bad as to them, it is bad as to her, and so as to all. Therefore, the demurrer should have been sustained. The case is similar to that when several are sued on a joint obligation, one of whom is an infant. If he pleads his infancy severally, it is a defense, but being no defense to the others, if pleaded jointly it is insufficient. In each case it is a personal disability, and the co-defendants cannot avail themselves of it.

The demurrer is sustained and the judgment reversed, and a writ of *procedendo* is awarded.